PATRICK J. McLARNEY, Respondent, *v.* THE LONG ISLAND RAILROAD Co., Appellant.

(New York Superior Court — General Term, January, 1895.)

While attempting to couple an engine to a train of cars in the evening, plaintiff was caught between them and injured because of the absence from the engine of a bustle or bumper. Plaintiff's lantern had just gone out, and he had no time to relight it, and did not discover the absence of the bustle until it was too late to escape. *Held*, that the questions of plaintiff's contributory negligence, and as to defendant's negligence arising from the absence of the bustle, were for the jury to determine.

APPEAL by the defendant from judgment in favor of the plaintiff, entered upon the verdict of a jury, and from order denying defendant's motion for a new trial.

*Charles Steckler* (*Alfred Steckler*, of counsel), for appellant.

*W. C. Beecher*, for respondent.

FREEDMAN, J. This action was brought to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant. The plaintiff was a brakeman in defendant's employ. He was injured at about eight o'clock in the evening of July 29, 1892, while in the act of coupling a train of cars to the engine, as he had been directed to do by the acting superintendent of the road. The engine should have had attached to it a so-called bustle, which is a large piece of metal to be inserted between the locomotive and the head car to keep the car and engine steady and prevent vibration. It is of sufficient size to protect a brakeman in the act of coupling the cars to the engine. The engine in question had no such bustle attached, and, as a result, plaintiff's body got caught between the car and the engine and he was severely injured. It was undoubtedly part of plaintiff's duty at the time to see that everything was in its place and in order, and, if not, to report to the engineer, but, unfortunately for the plaintiff, his lantern had gone out a few moments before and.

he had not had time to relight it.    He was not aware of the fact that the engine did not have the customary bustle attached to it, and he first noticed its absence when the engine was almost on top of him and when it was too late for him to escape.    Under all the circumstances the question of plaintiff's contributory negligence was a question of fact for the jury, and as such it was properly submitted.

The question relating to defendant's negligence arising from the absence of the bustle was, upon all the facts disclosed by the whole case, also a question of fact for the jury, and as such it was submitted in every aspect that could be taken. The jury were specifically instructed that if the absence of the bustle was due to any act or omission of any fellow-servant of the plaintiff, the defendant was not liable, and furthermore that the plaintiff had no cause of action if, under all the circumstances, the absence of the bustle constituted a risk incidental to his employment which he had assumed.    Taken together, the charge of the learned trial judge carefully guarded every right which the defendant had.    Upon the whole case no reason appears which would warrant the disturbance of the verdict.

The judgment and order should be affirmed, with costs.

GILDERSLEEVE, J., concurs.

Judgment and order affirmed, with costs.